UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TOP VICTORY ELECTRONICS (TAIWAN) CO. LTD., et al.,<br><br>Defendants. | Case No. 16-mc-80122-SK<br><br>**ORDER DENYING MOTION TO TRANSFER AND SETTING HEARING ON MOTION TO ENFORCE SUBPOENA**<br><br>Regarding Docket Nos. 1, 18 |

Before the Court is a motion brought by Plaintiff Personalized Media Communications ("PMC") to either transfer the enforcement of a subpoena to the Eastern District of Texas or to enforce a subpoena against non-party Sigma Designs, Inc. ("Sigma"), domiciled in the Northern District of California. Having reviewed the parties' briefs and the documentation filed in support, the Court hereby DENIES the motion to transfer on the grounds that PMC failed to establish exceptional circumstances warranting the transfer of the motion. The Court further sets a hearing on the issue of enforcement of PMC's subpoena for August 17, 2016 at 9:30 a.m. PDT in Department A, 15th Floor, 450 Golden Gate Avenue, San Francisco, California. Out of state counsel may appear by telephone, if requested. Counsel must make a written request to appear by telephone.

**A.   Background**

In this patent infringement case involving Vizio digital televisions, PMC seeks to obtain discovery from third party supplier Sigma, which allegedly supplied systems-on-a-chip or "chips" to Defendant Vizio, Inc. PMC served a subpoena on Sigma in February 2016, in response to which Sigma submitted objections and produced documents. PMC contests Sigma's objections and moves to compel further production. In addition, pursuant to Federal Rule of Civil Procedure 45(f), PMC moves the Court to transfer its motion to the issuing court, the United States District

1   Court for the Eastern District of Texas, Marshall Division.  PMC contends that exceptional
2   circumstances exist that warrant transferring the motion to the issuing court.
3   　　　PMC's motion was filed with this Court on June 7, 2016. (Dkt. 1)  Subsequently, this Court
4   granted three extensions for Sigma to respond while the parties met and conferred to resolve their
5   dispute.  (Dkts. 13, 15, 17.)  On July 29, 2016, Sigma filed a response, asking the Court to deny
6   PMC's motion to transfer, and to quash or modify the subpoena. (Dkt. 18.)

**B.     Motion to Transfer**

　　**1.     Legal Standard**

Federal Rule of Civil Procedure 45 provides that subpoenas are issued from the court where the action is pending.  Fed.R.Civ.P. 45(a)(2).  Compliance is addressed by the court where compliance occurs; if compliance is required elsewhere, compliance may be transferred to the issuing court if the subject of the subpoena "consents or if the court finds exceptional circumstances."  Fed. R. Civ. P. 45(f).

The notes of the Advisory Committee provide guidance as to when "exceptional circumstances" exist.  The primary consideration should be to avoid "burdens on local nonparties subject to subpoenas and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions."  Advisory Committee Note to 2013 Amendments of Fed.R.Civ.P. 45.  The Advisory Committee acknowledged that there may be some circumstances where "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts."  *Id.*  Transfer is only appropriate if such interests outweigh the interests of the nonparty in having the subpoena resolved locally.  *Id.*

PMC argues that the enforcement of the subpoena should be transferred because it would promote judicial economy and because there is a risk of inconsistent rulings between this Court, the Eastern District of Texas, and the Central District of California, where another subpoena has been issued.  PMC relies on what sounds like a motion to dismiss certain claims against Vizio pending in the Eastern District of Texas which allegedly turns on production of documents from Vizio, including documents involving Sigma supplied chips.  However, PMC has not cited to any

previously court-determined discovery decision or issue with which this Court is at risk of conflicting.  As to the issue of judicial economy, such a risk would be inherent in any motion to compel determined by an issuing court.  Yet, the Advisory Committee clearly states that the primary consideration is burden on the local nonparty.

PMC has not provided sufficient factual support for its conclusion that Sigma will not be burdened by the transfer of the motion to the issuing court.  PMC argues that Sigma is coordinating its production with PMC and that there is a policy from the Advisory Committee encouraging judges to allow telephonic appearances.  However, the Court finds these arguments inadequate.  "[L]ocal nonparties should be burdened as little as practicable by litigation in which they are not involved, and local resolution of the motion will typically impose a lighter burden."  *Woods ex del. U.S. v. SouthernCare, Inc.*, 303 F.R.D. 405, 407-408 (N.D. Ala 2014).  Given that PMC has not established exceptional circumstances, Plaintiff's motion to transfer is DENIED.

**C.     Motion to Compel**

According to the Declaration of Karen Hu, submitted in support of Sigma's response, after PMC filed its motion, Sigma produced over 600 pages of technical documents on July 1, 2016, 90 additional documents on July 15, 2016, and over 200 pages on July 28, 2016.  (Dkt. 18-1, PP 5, 6, 7.)  Based on the Bates stamp numbers, Sigma has produced 1433 pages to date — much of which was provided after PMC filed its current motion.  The Court wishes to hear from both parties as to the remaining issues in dispute.  Therefore, the Court sets this issue for hearing on August 17, 2016 at 9:30 a.m.  No further pleadings are necessary.

**IT IS SO ORDERED**.

Dated: August 3, 2016

_____
SALLIE KIM
United States Magistrate Judge